COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JOSEPH RUSSEL PIEDRA, | § | No. 08-20-00078-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20190D05638) |
| | § | |

## MEMORANDUM OPINION

Appellant Joseph Russel Piedra is attempting to appeal his conviction for unauthorized use of a vehicle. We dismiss the appeal because the trial court certified that Appellant does not have a right to appeal.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires that the trial court enter its certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX.R.APP.P. 25.2(a)(2). Appellant filed a timely notice of appeal. The trial court's certification reflects that the appeal "is a plea-bargain case, and the defendant has NO right of appeal." The record supports the trial court's conclusion that Appellant waived his right to a jury trial and entered a negotiated guilty plea. In a plea-bargain case, a defendant may appeal only those matters raised by written motion and ruled on before trial, or after getting the trial court's

permission to appeal. TEX.R.APP.P. 25.2(a)(2)(A)(B). The appellate record does not reflect that the trial court ruled on any pretrial motions or that Appellant obtained permission to appeal any issues.

The clerk's office notified Appellant that the certification reflects he has no right of appeal in this case and requested a response. Appellant's attorney filed a response stating that he is unable to rebut the certification. Based on the trial court's certification and the record before us, we conclude that Appellant does not have a right to appeal. Accordingly, we dismiss the appeal.


April 9, 2020
YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)